IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE PRIVATE BANK AND TRUST COMPANY, Plaintiff, v. DONALD H BELL, SR., et al. Defendants. | CIVIL ACTION No. 09-2584-KHV |

**MEMORANDUM AND ORDER**

The Private Bank and Trust Company brings suit against Donald Bell, Sr., Faith Bell, the Don Bell Trust, the Faith Bell Trust and the Bell children, alleging that defendants breached promissory notes and guarantees to pay said notes. On July 23, 2010, plaintiff filed a motion for summary judgment. See Doc. #28. Pursuant to D. Kan. Rule 6.1(d)(2), defendants had 21 days, until August 13, 2010, to respond.[1] Defendants did not file a response on or before that date. This matter is before the Court on defendants' Motion For Extension To File Opposition To Plaintiff's Summary Judgment Motion (Doc. #31) filed August 16, 2010. Defendants seek an extension of time because (1) the extension is not made for purposes of delay; and (2) no party will be prejudiced as a result of the relief requested.

Under D. Kan. Rule 7.4, the failure to file a response within the time specified under Rule 6.1(d) waives the right to later file such brief or memorandum absent a showing of excusable neglect.

---

[1] D. Kan. Rule 6.1(d)(2) states in pertinent part that responses to motions to dismiss or for summary judgment must be filed and served within 21 days.

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). In determining whether defendants have shown excusable neglect, the Court considers all relevant circumstances including (1) the danger of prejudice to plaintiff; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay, including whether it was within defendants' reasonable control and (4) whether defendants acted in good faith. See id. at 395. Considering these factors, the Court finds that the failure to file a timely response was entirely within the control of defendants' counsel. On the other hand, plaintiff does not oppose the extension of time, see Doc. #31 at 1, and the extension will not prejudice plaintiff or materially delay the proceedings. Likewise, the Court has no reason to believe that defendants or their attorney acted in bad faith. On this occasion, because the extension sought is relatively short and will occasion no prejudice to plaintiff or the judicial process, the Court sustains defendants' motion for an extension of time to file a response to plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED** that defendants' Motion For Extension To File Opposition To Plaintiff's Summary Judgment Motion (Doc. #31) filed August 16, 2010 be and hereby is **SUSTAINED**. On or before September 13, 2010, defendants shall file their response to plaintiff's motion for summary judgment.

Dated this 18th day of August, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge